### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IVAN LUNA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: 5:23-cv-12718 |
| v. | Hon. Judith E. Levy |
| G & A BAKING COMPANY, LLC, a Michigan limited liability company, | Mag. Kimberly G. Altman |
| Defendant. | |

## **JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff, Ivan Luna, and Defendant G & A Baking Company, LLC (collectively, the "Parties"), jointly by and through their respective counsel and pursuant to the Court's Order (ECF No. 11), respectfully move this Court for entry of their proposed Order Approving Settlement Agreement, attached hereto as **Exhibit A,** or an order materially the same as that proposed by the Parties, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreement; and (iii) dismisses this action with prejudice and without further costs or fees to any party. In support of their Joint Motion, the Parties state as follows:

1. On October 26, 2023, Plaintiff Ivan Luna filed his Complaint, initiating this action on behalf of himself and all other persons similarly situated, seeking

1

damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Michigan common law (hereinafter referred to as "Plaintiff's Lawsuit"). *See* ECF No. 1.

2.  Settlement discussions began on November 1, 2023 and proceeded over 2.5 months through multiple telephonic meet-and-confers and several emails. From the Parties communications, the Parties mutually and voluntarily agreed to a settlement of the Lawsuit as a collective action. (See **Exhibit B**, Declaration of Jesse L. Young).

3.  The Parties now seek this Court's approval of their settlement and dismissal of the case with prejudice.[1]

4.  The Parties agree that the negotiated settlement is appropriate because the Parties recognize the costs and their respective risks associated with proceeding with lengthy, expensive, and contentious litigation.

5.  In sum, the Agreement provides that Defendant shall pay a Gross Settlement Amount of $13,838.18, inclusive of: (i) the issuance of Individual Settlement Payments to putative collective members (*see* ECF No. 10, PageID.45-57-), (ii) a Service Award to the named Plaintiff, Ivan Luna in the amount of Five

---

[1] The parties note that judicial approval of FLSA settlements is not required in the Sixth Circuit. *See Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 637 (W.D. Ky. 2022) (holding that the FLSA does not require court approval, as it is not an "applicable federal statute" under Rule 41(a)(1)(A), and acknowledging the dismissals based on the Plaintiffs' filings under Rule 41 alone.)

Hundred Dollars ($500.00), (iii) payment for Attorneys' Fees and Costs in the amount of Ten Thousand Four Hundred Sixty-Six Dollars and Sixty cents ($10,466.60), and (iv) the Participating Plaintiffs' share of applicable federal, state, and local taxes that are required to be withheld by Defendant. [2]

6. The Parties have agreed to allow for Eligible Employees to join the settlement and release of Defendant by negotiating their individual settlement checks pursuant to the following language on the back of the checks:

> I knowingly and voluntarily release, waive, and discharge G & A Baking Co., LLC and all other Released Parties, from any and all federal, state, and local wage-and-hour claims of any nature whatsoever that accrued during my employment working at G & A Baking Company, LLC between October 26, 2020 and December 31, 2023 , including, but not limited to, all federal, state, and local claims for overtime, minimum wage, and related penalties, interest, liquidated damages, attorneys' fees, and costs.

7. Courts have previously approved similar settlement structures where eligible employees may join settlements and release claims by negotiating settlement checks. *See Besic v. Byline Bank, Inc.*, 2015 WL 13763028, at *3 (N.D. Ill. Oct. 26, 2015) ("The settlement checks shall be distributed to Eligible Class Members, along with the Settlement Notice containing the modifications required by the Court, in

---

[2] The parties note that the Sixth Circuit decisions in *Smith v. Serv. Master Corp.* and *Rembert v. A Plus Home Health Care Agency LLC*, involved contested fee petitions which required the court to evaluate the reasonableness of the requested fees and costs. *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369-370 (6th Cir. 2014); *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616-17 (6th Cir. 2021)). Those holdings do not apply in this case where the parties have fully negotiated a settlement and the fees and costs are not contested.

3

the manner provided in the Settlement Agreement. Any Eligible Class Member who signs and cashes or otherwise negotiates a Settlement Check shall irrevocably consent to join or "opt-in to" this lawsuit as a plaintiff and shall release any and all wage and hour claims of any kind, whether known or unknown, based on any state or local law, statute or regulation or common law, including the FLSA, IMWL, IWPCA, and IODRS, against Byline Bancorp., Inc., Byline Bank, Inc., and the other Releasees, as further explained and defined in the Settlement Agreement."); *see also Est. of McConnell v. EUBA Corp.*, 2021 WL 1966062, at *6 (S.D. Ohio May 17, 2021) (First, Class Counsel's work resulted in significant benefit to class members whereby each class member will receive, on average, $772.56. To receive this money, class members do not need to take any action other than cash a check that will be mailed to them. The Court finds that this is an excellent result that supports the proposed fee award); *Day v. NuCO2 Mgmt., LLC*, 2018 WL 2473472, at *2 (N.D. Ill. May 18, 2018) (The plan for the Settlement Administrator to send the Settlement Notices with Settlement Checks is approved.); *Kis v. Covelli Enterprises, Inc.*, 2019 WL 3369124, (N.D. Ohio July 26, 2019); *Harris v. Armada MI OPCO, LLC* (E.D. Mich. 23-cv-10319); *Bullock v. Kalkaska Screw* (W.D. Mich. 23-cv-492); *Brown v. LOC Performance* (E.D. Mich. 23-cv-11022); *Turner v. Living Alternatives* (E.D. Mich. 23-cv-233); *Wells v. Davis Oil Co.* (W.D. Mich. 22-cv-281).

8.     The Parties agree that the Settlement Agreement is a fair and reasonable resolution and compromise of a *bona fide* dispute over issues arising under Plaintiff's wage and hour claims.

9.     Thus, the Parties respectfully ask this Court to approve their Settlement Agreement in its entirety and to dismiss this case with prejudice and without any costs or fees to any party, except as provided in the Settlement Agreement.

WHEREFORE, the Parties jointly move this Court for entry of the proposed Order Approving Settlement Agreement, attached hereto as **Exhibit A** or an order materially the same as that proposed by the Parties, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreement; and (iii) dismisses this action with prejudice and without further costs or fees to any party.

Respectfully submitted,

By: */s/Michael G. Stavale* (w/consent)
Michael G. Stavale (P34359
STAVALE & GEMMETE, PLLC
Attorneys for Defendants
19660 Mack Ave.
Grosse Pointe Woods, MI 48236
(313) 886-2210
stavale@sgmilaw.com

By: */s/ Jesse L. Young*
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiffs
141 E. Michigan, Ave.
Suite 600
Kalamazoo, MI 49007
(269) 250-7500
jyoung@sommerspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed a copy of the foregoing. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Jesse L. Young*
Jesse L. Young (P72614)
