# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**IVAN LUNA**,

    Plaintiff,

v

**G & A BAKING COMPANY, LLC.**,

    Defendant.

Case No. 23-12718

Hon. Judith E. Levy

Mag. Judge Kimberly G. Altman

---

## STIPULATED ORDER GRANTING JOINT MOTION
## TO APPROVE FLSA SETTLEMENT [13] AND DISMISSING CASE

This matter is before the Court on the Parties' joint motion for approval of the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Specific Release ("Settlement" or "Agreement"). (ECF No. 13; *see also* ECF No. 10.) On June 20, 2024, the Court held a videoconference hearing and heard oral argument. For the reasons set forth on the record and set forth below, the motion is GRANTED.

1. Having reviewed the Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed Service Award, and the proposed attorneys' fees and expense reimbursements Plaintiffs' Counsel, as a fair and reasonable resolution of this lawsuit.

2. This action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of Defendant G & A Baking Company, LLC (hereinafter, "Defendant").

3. On October 26, 2023, Plaintiff Ivan Luna filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff initiated this action on behalf of himself and all other persons similarly situated, seeking damages for alleged violations of the FLSA (hereinafter referred to as "Plaintiffs' Lawsuit"). (*See* ECF No. 1). In general, Plaintiff claims that Defendant failed to properly calculate its employees' overtime rates under the FLSA. Defendant denies the claims brought by Plaintiffs.

4. After engaging in informal discovery, including the production of payroll data for all non-exempt employees, the Parties mutually and voluntarily agreed to a settlement of Plaintiffs' Lawsuit as a collective action.

6. The Settlement will cover the representative Plaintiff and all of the Eligible Employees who elect to participate in the Settlement by depositing their Settlement Payments. There are approximately 64 Eligible Employees.

7. The Agreement provides that, in consideration of the Gross Settlement Amount, the claims of the representative Plaintiff and Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no court approval of attorneys' fees required).

9. The Sixth Circuit has not decided the issue. Some district courts in this Circuit have held that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same). But other district courts in this Circuit have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 7130776 (N.D. Ohio Oct. 30, 2023); *Reed v. M3K, LLC*, No. 3:22-CV-175-KAC-DCP, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023); *Ross v. Subcontracting Concepts, LLC*, No. 20-12994, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth Circuit addresses the issue, this Court will continue to review FLSA settlements out of an abundance of caution.

3

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA. 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the representative Plaintiff and Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

11. The Court approves the settlement documents attached to the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement as to the representative Plaintiff and all Eligible Employees who elect to participate in the Settlement by negotiating their settlement check.

12. The Court approves the Service Award to representative Plaintiff Ivan Luna in recognition of his service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court approves the payment of attorneys' fees and expense reimbursement to Plaintiffs' Counsel as provided in the Agreement, and orders that

4

such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. Accordingly, the Parties' joint motion for approval of the settlement (ECF No. 13) is GRANTED.

15. Plaintiff's Lawsuit is DISMISSED WITH PREJUDICE.[1]

16. The Court retains jurisdiction over the action to enforce the Settlement, including settlement administration.

IT IS SO ORDERED.

Dated: June 20, 2024  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2024.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager

---

[1] At the hearing on the joint motion, counsel for both parties consented to the dismissal of this action contemporaneous with the Court's entry of this stipulated order.

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| */s/ Jesse L. Young* | */s/ Michael Stavale* |
| Jesse L. Young (P72614) | Michael Stavale (P34359) |
| SOMMERS SCHWARTZ, P.C. | STAVALE & GEMMETE PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |

Dated: March 13, 2024